IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 21-482 |
| | ) |
| ORIES SMITH | ) |

## Opinion

Defendant Ories Smith is charged in a a one-count Indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Presently before the Court is Defendant's Motion to Dismiss the Indictment (ECF No. 67), in which he argues that § 922(g)(1) is an unconstitutional regulation of the right to possess firearms and ammunition in violation of the Second Amendment to the United States Constitution. The government opposes Defendant's Motion. For the reasons set forth below, the Court concludes that § 922(g)(1) is constitutional, thus Defendant's Motion to Dismiss Count 2 of the Indictment will be denied.

**I. Background**

Defendant was charged by Indictment with possessing a firearm and ammunition on June 29, 2021, while knowing that he had previously been convicted of crimes punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1)[1]. Section 922(g)(1) of Title 18 provides that "[i]t shall be unlawful for any person-(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition; . . . ." 18 U.S.C. §

---

[1] For purposes of the Motion to Dismiss, the Court accepts as true the allegations of the Indictment. *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012)(abrogated on other grounds by *Rehaif v. United States*, 139 S.Ct. 2191 (2019)).

922(g)(1). The Indictment alleges that Defendant has three prior qualifying crimes that bar him from possessing firearms under § 922(g)(1). The first conviction is for Possession with Intent to Deliver a Controlled Substance on or about February 26, 2018, in the Court of Common Pleas of Allegheny County, Pennsylvania, at criminal case number CP-02-CR-04683-2017. Defendant's second conviction is for Possessing a Firearm by an Unauthorized Person on or about April 16, 2019, in the Court of Common Pleas of Allegheny County, at criminal case number CP-02-CR-05620-2018. Finally, on or about April 16, 2019 and at the same criminal number (CP-02-CR-05620-2018), Defendant was convicted of Possession with Intent to Deliver a Controlled Substance.

The facts supporting the present § 922(g)(1) charge arose from Defendant's arrest on June 29, 2021, where Defendant and another person approached a car near a parking garage at the corner of East Commons Street and Allegheny Square East in Pittsburgh, Pennsylvania. Two men exited the car, which caused Defendant and his companion to retreat towards the parking garage. The two men pulled out guns and began firing in the direction of Defendant and his companion. Defendant pulled a handgun from his waistband, but it flew out of his hand as he was running. Defendant fell to the ground while his gun had slid out onto Allegheny Square East. Defendant got up and ran into the parking garage, while the two men continued to fire shots at him. Police officers recovered the handgun and a magazine that fit the handgun. During the exchange of gunfire, Defendant was shot. About 20 minutes after the event started, Defendant went to the nearby Allegheny General Hospital seeking treatment for his gunshot wound. The gun Defendant possessed had been reported stolen.

## II.     Arguments

Defendant argues that § 922(g)(1) is unconstitutional as applied to him.  He also argues that § 922(g)(1) is unconstitutional on its face.  Next, Defendant argues that 922(g)(1) is unconstitutionally vague.  Finally, Defendant argues that § 922(g)(1) is an unconstitutional violation of the Constitution's Commerce Clause.  Defendant acknowledges that his Commerce Clause argument is foreclosed by precedent, but he asserts it for preservation purposes.  Defendant primarily supports his arguments by relying on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, –– U.S. ––, 142 Sup.Ct. 2111 (2022) and the Third Circuit's *en banc* decision in *Range v Attorney General*, 69 F.3d 96 (3d Cir. 2023).

In opposition to Defendant's as applied challenge, the government presents several independent arguments.  First, the government argues that Defendant has failed to demonstrate that he possessed the ammunition for self-defense, which is the only legitimate Second Amendment purpose recognized by the Supreme Court.  Second, the government argues that Defendant was legitimately disqualified from possessing firearms and ammunition under the conditions of probation he was serving at the time he possessed the ammunition. Third, the government argues that Defendant's prior criminal history places him in a category where the Constitution permits barring him from possessing firearms and ammunition under § 922(g)(1).  Finally, the government argues that its historical analysis of governmental restrictions on possessing firearms demonstrates that § 922(g)(1) is consistent with historical restrictions on possession of firearms and ammunition by people who have prior qualifying firearm convictions.  As to Defendant's facial challenge, the government argues that the challenge fails because Defendant cannot show that § 922(g)(1) is unconstitutional in all circumstances.  Next, the government argues that the statute is not vague, as it clearly permits a citizen to determine

whether their contemplated possession of a firearm is prohibited under the statute. Finally, the government correctly points out that Defendant's Commerce Clause argument is foreclosed by precedent.

### III. *Bruen* and Second Amendment Case Law

The Second Amendment of the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of people to keep and bear Arms, shall not be infringed." The *Bruen* decision follows the Supreme Court's prior landmark Second Amendment decisions of *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010). In *Heller* and *McDonald*, the Supreme Court "recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *Bruen*, 142 S. Ct. at 2122. In *Bruen*, the Supreme Court held, "consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 142 Sup. Ct. at 2122. The *Bruen* Court held that New York City's requirement that a citizen show "proper cause" to carry a handgun in public violates the Constitution, because it "prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id.* at 2156.

Relevant to the instant Motion to Dismiss, the *Bruen* Court held that the standard for a Second Amendment analysis is as follows: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects the conduct." *Id.* at 2129-30. If a Court determines that the conduct being regulated is presumptively protected by the Second Amendment, then to justify the regulation, "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to

keep and bear arms." *Id.* at 2127. "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's protection." *Id.* at 2126.

In *Range*, a declaratory judgment proceeding, the *en banc* Third Circuit Court addressed the constitutionality of 18 U.S.C. § 922(g)(1), as applied to the plaintiff, Bryan Range. Section 922(g)(1) barred Mr. Range from possessing firearms, because he had previously "pleaded guilty in the Court of Common Pleas of Lancaster County to one count of making a false statement to obtain food stamps in violation of Pennsylvania law." *Range*, 69 F.4th at 98 (*citing* See 62 Pa. Stat. Ann. § 481(a)). Range sought "a declaration that § 922(g)(1) violates the Second Amendment as applied to him" and an "injunction prohibiting the law's enforcement against him." *Id.* at 99. "Range assert[ed] that but for § 922(g)(1), he would 'for sure' purchase another deer-hunting rifle and 'maybe a shotgun' for self-defense at home." *Id.*

The *Range* Court applied *Bruen* to determine whether § 922(g)(1) was constitutional as applied to Bryan Range. First, the Court concluded that "*Heller* and its progeny lead us to conclude that Bryan Range remains among 'the people'[protected by the Second Amendment] despite his 1995 false statement conviction." *Range*, 69 F.4th at 103. Next, the *Range* Court found that "'the Constitution presumptively protects" Bryan Range's proposed conduct, "to possess a rifle to hunt and a shotgun to defend himself at home." *Id.* (quoting *Bruen*, 142 S. Ct. at 2126). Therefore, the burden shifted to the government to "'affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.'" *Id.* at 101 (quoting *Bruen* 142 S. Ct. at 2127). After reviewing the government's historical evidence and arguments, the *Range* Court concluded that "that the Government has not shown that the Nation's historical tradition of firearms regulation supports

depriving Range of his Second Amendment right to possess a firearm." *Id.* at 106 (citing *Bruen*, 142 S. Ct. at 2126). The *Range* Court succinctly summarized its holding, stating that, "[b]ecause the Government has not shown that our Republic has a longstanding history and tradition of depriving people like Range of their firearms, § 922(g)(1) cannot constitutionally strip him of his Second Amendment rights." *Id.* The Court described its decision as "narrow," addressing the constitutionality of § 922(g)(1) only as applied to Bryan Range. *Id.*

## IV. Discussion

### A. As Applied Challenge

An as applied challenge contends that a law's "application to a particular person under particular circumstances deprived that person of a constitutional right." *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010) (citation omitted). In light of the Range decision, the government concedes that Defendant is one of the "people" protected by the Second Amendment despite having a prior qualifying conviction. Next, the Court determines whether "the Second Amendment's plain text covers an individual's conduct." *Bruen*, 142 S.Ct. at 2129-30. If the plain text does not cover the person's conduct, then the regulation at issue does not violate the Second Amendment. However, if the plain text does cover such conduct, then "the Constitution presumptively protects the conduct" and the burden shifts to the government to justify the constitutionality of the firearm regulation. *Id.*

#### 1. Defendant's Conduct is Not Protected

Defendant contends that he desires to possess firearms as protected by the Second Amendment's guarantee of the right of the people to keep and bear arms. However, the Defendant's actual conduct is the focus for analysis, and his conduct at issue is not protected under the plain text of the Second Amendment. Here, on June 29, 2021, Defendant possessed a

stolen firearm that he clearly intended to fire in a public space, but the gun slipped from his grasp as he was running. Defendant's conduct of possessing a stolen firearm and attempting to fire it in a public space at the two men who were firing at him, establishes him as a person who is dangerous to the safety of the public and is disruptive to the orderly functioning of society. Under these circumstances, the Second Amendment's plain text does not protect the Defendant's conduct. *Bruen*, 142 Sup. Ct. at 2129-30. Therefore, Defendant's conduct is not presumptively protected by the Constitution. No further analysis in necessary. The government has no further burden to justify the § 922(g)(1) firearm regulation as applied to Defendant. Accordingly, because Defendant's conduct was not protected by the plain text of the Second Amendment, his as applied challenge fails.

### 2. Even if Defendant's Conduct was Protected, the Government Demonstrates Sufficient Historical Analogues

Even if Defendant's conduct were protected by the Second Amendment, which it was not, his as applied challenge still fails, because as applied to the Defendant, § 922(g)(1) corresponds with "part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127. As explained in *Bruen*, the government need only "identify a well-established and representative historical *analogue*, not a historical *twin*." *Id.* at 2133 (emphasis in original). "'To be compatible with the Second Amendment, regulations targeting longstanding problems must be 'distinctly similar' to a historical analogue." *Range*, 69 F.4th at 103 (quoting *Bruen*, 142 S.Ct. at 2131). "[E]ven if a modern-day regulation is not a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster." *Bruen*, 142 S.Ct. at 2133. "[T]wo metrics that make historical and modern firearms regulations similar enough, are 'how and why the regulations burden a law-abiding citizen's right to armed self-defense.'" *Range*, 69 F.4th at 103 (quoting *Bruen*, 142 S.Ct. at 2131).

With such guidelines in mind, the Court concludes that the government has presented sufficiently similar historical analogues to § 922(g)(1). The relevant historical analogous firearm regulations cited by the government disarmed persons deemed to be dangerous, not trusted to obey the law, or who were disruptive, or a threat, to society. Historically, the right to keep and bear arms was lawfully taken away from persons who "pose a threat to the orderly functioning of society." *Range*, 69 F.4th at 110. The purpose of such historical firearm regulations was to ensure the orderly functioning of society and to protect the public.

The regulated conduct, purposes and objectives of the historical firearm analogues, when compared to the regulated conduct, purposes and objectives of § 922(g)(1) as applied to Defendant, clearly reflect requisite similarity to establish § 922(g)(1)'s constitutional compliance with the Second Amendment. Defendant's relevant 922(g)(1) qualifying firearm convictions, two drug distribution felonies and a firearm felony, clearly demonstrate that he is a threat to public safety and to the orderly functioning of society. Further, the Defendant's present offense conduct of possessing a stolen firearm, and actively attempting to shoot his gun in a public place, sufficiently places him in the category of persons who were historically properly disarmed to ensure the orderly functioning of society and to protect the public. Section 922(g)(1), as applied to Defendant, "is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2126. As such, § 922(g)(1) is constitutional as applied to Defendant. Defendant's as applied challenge to § 922(g)(1) fails.

**B. Facial Challenge**

Defendant next argues that § 922(g)(1) is unconstitutional on its face. "A facial attack tests a law's constitutionality based on its text alone and does not consider the facts or circumstances of a particular case." *Marcavage*, 609 F.3d at 273 (citation omitted). "A party

asserting a facial challenge 'must establish that no set of circumstances exists under which the Act would be valid.'" *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (*en banc*) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

The government argues that the facial challenge fails, because the Defendant is unable to show that § 922(g)(1) is unconstitutional in *all* circumstances. The Court agrees. Initially, the above decision, finding that § 922(g)(1) is constitutional as applied to the Defendant, establishes that § 922(g)(1) is not unconstitutional in all cases. While Defendant relies upon the *Range* Court's finding, that § 922(g)(1) was unconstitutional as applied to Bryan Range, such holding was expressly narrow and limited to Bryan Range's prior fraud conviction and his proposed prospective protected firearm conduct. The *Range* Court did not find or even suggest that § 922(g)(1) is unconstitutional in all cases. Accordingly, Defendant's facial challenge to § 922(g)(1) fails.

### C. Vagueness

Defendant's vagueness challenge also fails. "A statute is void on vagueness grounds if it (1) 'fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits'; or (2) 'authorizes or even encourages arbitrary and discriminatory enforcement.'" *United States v. Fullmer*, 584 F.3d 132, 152 (3d Cir. 2009) (quoting *United States v. Stevens*, 533 F.3d 218, 249 (3d Cir.2008)). As the government points out, the statute is clear in delineating the conduct that bars a person from possessing firearms or ammunition in violation of § 922(g)(1). A person who has been convicted of a crime is able to understand whether the conviction for such crime is punishable by imprisonment for more than one year; and therefore, knows that such conviction makes it a crime for him to possess firearms or ammunition in violation of § 922(g)(1). Criminal statutes clearly define crimes and prescribe

corresponding penalties. Information that a prior conviction carries a potential punishment of imprisonment for more than one year, is readily available. Where the penalty for a crime of conviction includes punishment for a term of imprisonment of more than one year, then § 922(g)(1) bars that person from possession of a firearm or ammunition. Moreover, § 922(g)(1) requires the government to prove that the defendant actually *knew* that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Such *mens rea* element, "makes it less likely that a defendant will be convicted for an action that he or she committed by mistake." *Fullmer*, 584 F.3d at 152 (citing *Gonzales v. Carhart*, 550 U.S. 124, 149, 127 S.Ct. 1610, 167 L.Ed.2d 480 (2007)). Thus, the Defendant's vagueness challenge to § 922(g)(1) fails.

### D. Commerce Clause

Finally, Defendant's argument that § 922(g)(1) is an unconstitutional violation of the Constitution's Commerce Clause is denied, as the argument is foreclosed by binding precedent. *See United States v. Singletary*, 268 F.3d 196, 204 (3d Cir. 2001).

### V. Conclusion

For the reasons explained above, Defendant's Motion to Dismiss Indictment (ECF No. 67) will be denied. An appropriate Order will be entered.

Dated: <u>November 2, 2023</u>

                                                              Marilyn J. Horan
                                                              United States District Court Judge